UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH MILES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>　　　　Defendant. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Allstate Insurance Company ("Allstate") hereby timely removes the above-captioned action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey. As grounds for removal, Allstate respectfully states as follows:

### BACKGROUND

1. Plaintiff Joseph Miles filed his Complaint in the Superior Court of New Jersey for Middlesex County on June 7, 2022.

2. The Complaint seeks underinsured motorist ("UIM") benefits under an insurance policy with Allstate. The Complaint also alleges that Allstate's handling of Plaintiff's UIM claim amounts to bad faith under the New Jersey Insurance Fair Conduct Act ("IFCA").

3. Plaintiff effected service of the summons and complaint upon Allstate by serving the New Jersey Department of Banking and Insurance on or about June 13, 2022.

### BASIS FOR REMOVAL

4. This action is removable pursuant to 28 U.S.C. § 1441.

5.  Venue in this Court is proper under 28 U.S.C. §§ 1441 and 1446(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

6.  Pursuant to 28 U.S.C. § 1446, Allstate has timely removed this action because this Notice of Removal is filed within 30 days after service of the Complaint.

7.  The United States District Court for the District of New Jersey has subject matter jurisdiction over this action based on the diversity of the parties and the amount in controversy pursuant to 28 U.S.C. § 1332. Therefore, Plaintiff's claims may be removed to the United States District Court for the District of New Jersey.

## BASIS FOR DIVERSITY JURISDICTION

8.  Federal courts have diversity jurisdiction of civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship

9.  There is complete diversity between Plaintiff and Allstate in this action.

10. Plaintiff is an individual and citizen of the State of New Jersey residing in Teaneck, New Jersey. See Exhibit A, Filed Pleadings/Complaint.

11. Allstate is a corporation organized under the laws of Illinois. See Exhibit B, Declaration of Lisette M. Willemsen at ¶ 2.

12. Allstate's principal place of business is located Northbrook, Illinois. See Exhibit B at ¶ 3.

13. As such, for the purposes of diversity jurisdiction, Allstate is a citizen of the State of Illinois.

14. Accordingly, this matter involves a dispute between citizens of different states.

**B.     Amount in Controversy**

15.    In addition to diversity of citizenship, this action involves an amount in controversy in excess of $75,000, exclusive of interest and costs.

16.    In cases removed to federal court, "determining the amount in controversy begins with a reading of the complaint filed in state court." Vaccaro v. Amazon.com.dedc, LLC, No. CV 18-11852(FLW), 2019 WL 1149783, at *4 fn. 6 (D.N.J. Mar. 13, 2019) (quoting Samuel-Bassett v. Kia Motors Corp., 357 F.3d 392, 398 (3d Cir. 2004)).

17.    Here, Plaintiff's Complaint seeks UIM benefits and at issue, and presently in dispute, is Allstate's insurance policy that includes UIM coverage in the amount of $100,000/$300,000. In addition, Plaintiff alleges that Allstate is in violation of the IFCA. See Exhibit A, Complaint at Second Count, ¶7. Under the newly-enacted IFCA, an insured that establishes bad faith may be entitled to recover "actual damages caused by the violation of this act which shall include, but need not be limited to, actual trial verdicts that shall not exceed three times the applicable coverage amount" and "pre- and post-judgment interest, reasonable attorney's fees, and reasonable litigation expenses." N.J.S.A. 17:29BB-3.d.

18.    While Allstate denies that Plaintiff is entitled to recover any amount, in light of the allegations in the Complaint, it is clear that the jurisdictional requirement of 28 U.S.C. § 1332(a) is satisfied. When the allegations are considered, it cannot be concluded with "legal certainty" that Plaintiff cannot recover more than $75,000.00. See Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (removal is proper unless it is a "legal certainty" that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000).

**OTHER PROCEDURAL MATTERS**

19.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court action are filed with this Notice as Exhibit A. The contents of Exhibit A constitute the entire file of the action in the Superior Court of New Jersey for Middlesex County.

20. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey for Middlesex County and served on Plaintiff's counsel.

21. The requirements for removal under 28 U.S.C. §§ 1332, 1441, and 1446 have been met. If any questions arise as to the propriety of the removal of this action, Allstate requests the opportunity to brief this matter and provide further evidence as necessary to support its position that the case is removable.

22. By removing this action to this Court, Allstate does not waive any defenses that are available to it under applicable law.

                                            CHASAN LAMPARELLO MALLON & CAPPUZZO, PC
                                            Attorneys for Defendant, Allstate Insurance Company

        By: _____
                                                JOHN V. MALLON

**DATED:** July 12, 2022

# Exhibit A

**MARTIN KANE & KUPER**
272-274 High Street, #5
Perth Amboy, New Jersey 08861
(732) 572-7880
Attorney for Plaintiff(s)
Atty. ID#016491984
File No. 208886

| | |
|---|---|
| JOSEPH MILES,<br><br>　　　　　Plaintiff(s),<br>vs.<br><br>ALLSTATE INSURANCE COMPANY., and JOHN DOE 1-10 (fictitious names for persons, firms or corporations presently unknown),<br><br>　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION : MIDDLESEX COUNTY<br>DOCKET NO.<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR INSURANCE INFORMATION & NOTICE TO PRODUCE** |

The plaintiff, who resides in Teaneck, New Jersey, County of Bergen, and State of New Jersey, complaining of the defendants herein, say:

**FIRST COUNT**

1. At all times relevant herein, the plaintiff, **JOSEPH MILES**, was insured by the defendant, **ALLSTATE INSURANCE COMPANY**, under policy #939878838, claim #0625514773, which provided coverage for uninsured/underinsured motorist coverage.

2. The plaintiff, **JOSEPH MILES**, was involved in a motor vehicle accident on April, 24, 2021 in Paramus, New Jersey, wherein he sustained personal injuries

3. The tortfeasor in the accident maintained policy limits of 25/50. Plaintiff settled the underlying matter for the sum of $25,000.00.

4. Plaintiff sent the proper Longworth notices to the defendant, **Allstate Insurance Company.**

5. The defendant, **ALLSTATE INSURANCE CO.** received due and timely notice of the accident as well as a demand for the underinsured motorist compensation under plaintiff,

JOSEPH MILES'S policy of insurance, but the defendant has refused and continues to refuse to consider plaintiff's claim.

**WHEREFORE**, the plaintiff, **JOSEPH MILES**, demands judgment against the defendant, **ALLSTATE STATE INSURANCE CO.** compelling it to pay damages under underinsured motorist benefits.

## SECOND COUNT

1. The plaintiff repeats the allegations of the First Count as though the same were more fully set forth at length and make them a part hereof.

2. The defendant, **ALLSTATE INSURANCE COMPANY** is an insurer which issues, executes, renews or delivers insurance policies in this State, as well as Middlesex County, or which is responsible for determining claims made under those policies.

3. The defendant, **ALLSTATE INSURANCE COMPANY** has a fiduciary duty to exercise good faith and fair dealing towards its insured and other persons entitled to benefits under its policies.

4. The plaintiff is a claimant injured in a motor vehicle accident who is entitled to uninsured or underinsured motorist coverage under an insurance policy issued by the defendant, **ALLSTATE INSURANCE COMPANY** and who asserts an entitlement to benefits owed directly to or behalf of an insured under that insurance policy.

5. The plaintiff was and continues to be unreasonably denied a claim for coverage or payment of benefits and has continues to experience an unreasonable delay for coverage or payment of benefits under an uninsured or underinsured motorist policy issued by the defendant.

6. The defendant, **ALLSTATE INSURANCE COMPANY** has engaged in and continues to engage in an unreasonable delay or unreasonable denial of the plaintiff's claim for payment of benefits.

7. The defendant, **ALLSTATE INSURANCE COMPANY** has violated and continues to violate the provisions of the New Jersey Insurance Fair Conduct Act, N.J.S.A. 17:29BB-1; the Unfair

Claim and Settlement Practices Act, N.J.S.A. 17:29B-4 and the New Jersey Administrative Code, N.J.A.C. 11:2-17.1.

**WHEREFORE**, the plaintiff demands judgment against the defendant, **ALLSTATE INSURANCE COMPANY**, for actual damages which shall include, but need not be limited to actual trial verdicts; compensatory damages; pre-judgment interest; post-judgment interest; reasonable attorney's fees; reasonable litigation expenses; and any other damages that are deemed fair, reasonable and just.

### THIRD COUNT

1. The plaintiffs repeat the allegations of the First through Third Counts as though the same were more fully set forth at length and make them a part hereof.

2. John Does 1-10 are fictitiously named defendants respectively representing any persons and/or business entities which had ownership and/or control of any of the instrumentalities complained of herein or who are otherwise liable for the damages complained of herein. The plaintiffs reserve their right to amend this complaint to implead the actual names of such persons and/or business entities should the identity and/or liability of same be revealed during the course of discovery herein

**WHEREFORE**, plaintiff demands judgment against the defendants herein, jointly, severally and individually, for damages, plus costs of suit.

### JURY DEMAND

The plaintiff(s) hereby demand a trial by jury as to all issues herein.

### DESIGNATION OF TRIAL COUNSEL

TO: Assignment Judge

In accordance with Rule 4:25-4 you are hereby notified that John J. Kane is assigned to try this case.

### CERTIFICATION

I hereby certify that there is no prior litigation pending with regard to this case and that all concerned parties have been named in this pleading.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff(s) hereby demand that defendant(s) provide certified answers to Uniform Interrogatories Form C and Form C (1) and/or Form C(2) within the time prescribed by the New Jersey Rules of court.

## DEMAND FOR INSURANCE INFORMATION

Plaintiff(s) hereby demand, pursuant to R. 4:10-2(b), disclosure to the undersigned whether there are any insurance agreements or policies which may be liable to satisfy in part or all of a judgment which may be entered in this action against the defendant(s), or to indemnify or reimburse for payments made to satisfy the judgment and provide, under oath or certification: (a) number of the said policy; (b) name and address of insurer or issuer; © inception and expiration dates; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; (g) medical payment limits; (h) uninsured/underinsured policy limits; (I) name and address of person who has custody and possession thereof; (j) where and when each policy or agreement can be inspected.

## NOTICE TO PRODUCE

The plaintiff(s), by attorneys, Martin Kane & Kuper, hereby demand that you produce for inspection and reproducing within thirty-five (35) days of the date hereof, at the office of Martin Kane & Kuper, Esqs., 272-274 High Street, #5, Perth Amboy, New Jersey, the following documents:

    1. Copies of all interrogatories you answered for any other party and that any other party has answered for you.

    2. Copies of any and all contracts or agreements by, between, or involving any party to this litigation.

    3. Copies of any contracts, agreements, invoices, receipts, bills, hospital records, or writing or documents of any kind regarding any party or person who claims injuries in the action.

    4. Copies of any and all medical reports, medical bills, hospital records, or writing or documents of any kind regarding any party or person who claims injuries in the action.

    5. Copies of any and all reports, letters or statements from any expert regarding liability or damages in this matter, but not limited to any medical expert witnesses, intended or not intended to be called at the time of trial.

6. Any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to and utilized by or relied upon by any expert witnesses whom you intend to call at time of trial.

7. Copies of any and all photographs regarding the accident scene, damages, injuries or liability.

8. Copies of all statements, summaries of statements, or notes or writings of any kind regarding statements made by the plaintiff(s), or any other party to this action and/or their servants, agents or employees.

9. Copies of any and all reports rendered by any public or private agency or department arising out of any investigation of the incident or damages.

10. Any and all motions pictures, video tapes, films, photographs, re-enactments, diagrams, charts or exhibits of any kind that will be introduced or used at trial, or deal with the scene of the accident, the accident itself, or injuries involved herein.

11. Copies of any and all statements that will be used at trial, or will be used to cross-examine or impeach any witness.

12. Copies of any and all correspondence, documents, or writings of any kind that you or your attorney or representative received from any party to this action, their attorneys, representative or employees.

13. Any and all blueprints, charts, diagrams, drawings, graphs, maps, plans, photographs, models or other visual reproductions of any objects, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses you intend to call at time of trial.

14. Any and all statements made by any party to this lawsuit, whether written or oral, including statements of any party's agent, representatives or employees.

15. Any and all statements made by any witnesses to the events described in the complaint.

16. Any and all statements made by any person and any statements made by any eye-witnesses which relate or refer in any way to the incident described in plaintiff(s) complaint.

MARTIN, KANE & KUPER<br>
Attorneys for Plaintiff(s)<br><br>
By_____<br>
JOHN J. KANE

DATED: June 1, 2022
/hh
P:\USERS\Hilda\Miles, Joseph\C-MVA-BI-UIM-Bad-Faith-new USE THIS.wpd

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-002754-22

**Case Caption:** MILES JOSEPH VS ALLSTATE INSURANCE C OMPANY
**Case Initiation Date:** 06/07/2022
**Attorney Name:** JOHN JAMES KANE
**Firm Name:** MARTIN KANE KUPER, LLC
**Address:** 272-272 HIGH ST
PERTH AMBOY NJ 08861
**Phone:** 7325727880
**Name of Party:** PLAINTIFF : Miles, Joseph
**Name of Defendant's Primary Insurance Company
(if known):** Allstate Insurance Company

**Case Type:** UM OR UIM CLAIM (INCLUDES BODILY INJURY)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Joseph Miles?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/07/2022
Dated

/s/ JOHN JAMES KANE
Signed

```
MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633
                                         TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                              DATE:    JUNE 07, 2022
                              RE:      MILES JOSEPH  VS ALLSTATE INSURANCE C OMPANY
                              DOCKET: MID L -002754 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DENNIS NIEVES

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    003
AT:  (732) 645-4300 EXT 88371.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                   ATT: JOHN J. KANE
                                   MARTIN KANE KUPER, LLC
                                   272-272 HIGH ST
                                   PERTH AMBOY      NJ 08861

ECOURTS
```

**MARTIN KANE & KUPER**
272 High Street
Perth Amboy, NJ 08861
(732) 572-7880
Attorney for Plaintiff(s)
Attorney ID#016491984

---

| | |
|---|---|
| JOSEPH MILES,<br><br>　　　　　　Plaintiff(s),<br>vs.<br><br>ALLSTATE INSURANCE COMPANY., and JOHN DOE 1-10 (fictitious names for persons, firms or corporations presently unknown),<br><br>　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION : MIDDLESEX COUNTY<br>DOCKET NO. MID-L-2754-22<br><br>Civil Action<br><br>**CERTIFICATION OF SERVICE** |

I, JOHN J. KANE, hereby certify as follows:

1. I am the attorney for the plaintiff and am fully familiar with the within action.

2. The defendant, Allstate Insurance Company, was served with a copy of the summons and complaint through the New Jersey Department of Banking and Insurance on or about June 13, 2022, (See attached).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

DATED:　　June 20, 2022

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JOHN J. KANE

/hh

P:\USERS\Hilda\Miles, Joseph\Pleading\Aff of serv-banking and Insur.wpd



# State of New Jersey
### DEPARTMENT OF BANKING AND INSURANCE
### OFFICE OF THE COMMISSIONER
PO BOX 325
TRENTON, NJ 08625-0325

TEL (609) 292-7272

PHIL MURPHY
*Governor*

SHEILA OLIVER
*Lt. Governor*

MARLENE CARIDE
*Commissioner*

June 13, 2022

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Allstate Insurance Company
Attention: Corporate Secretary
Suite H1A
3075 Sanders Road
Northbrook, IL 60062-7127

RE:  Joseph Miles v. Allstate Insurance Company
     Superior Court of New Jersey, Middlesex County Law Division
     Docket No.:  MID-L-2754-22

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter. The documents served are enclosed herein.

By copy of this letter I am advising the Attorney for the Plaintiff(s) in this matter that these documents have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

Very truly yours,

Debra A. Mullen
Administrative Assistant

Enclosure
19232-319/Service of Process
C:   Martin Kane & Kuper
     ATTN: John J. Kane, Esq.
     272 High Street, Suite 5
     Perth Amboy, NJ 08861

---

*Visit us on the Web at dobi.nj.gov*
*New Jersey is an Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

JOHN V. MALLON - 016071994
CHASAN LAMPARELLO MALLON & CAPPUZZO, PC
300 LIGHTING WAY, SUITE 200
SECAUCUS, NJ 07094
(201) 348-6000
ATTORNEYS FOR DEFENDANT, ALLSTATE INSURANCE COMPANY
(50322-5511)

| | |
|---|---|
| JOSEPH MILES,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO. MID-L-2754-22<br><br>Civil Action<br><br>NOTICE OF APPEARANCE |

    **PLEASE TAKE NOTICE** the undersigned hereby enters an appearance on behalf of defendant, Allstate Insurance Company, in the above entitled cause.

                            CHASAN LAMPARELLO MALLON & CAPPUZZO, PC
                            Attorneys for Defendant, Allstate Insurance Company

         By: _____
                            JOHN V. MALLON

DATED: July 12, 2022

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Newark Vicinage

| | |
|---|---|
| JOSEPH MILES,<br><br>                              Plaintiff,<br>v.<br><br>ALLSTATE INSURANCE COMPANY; JOHN DOE 1-10 (fictitious names for persons, firms or corporations presntly unknown),<br><br>                           Defendants. | CIVIL ACTION NO.<br><br>**DECLARATION OF LISETTE S. WILLEMSEN** |

Lisette S. Willemsen hereby declares as follows:

1. I am the Assistant Secretary of Allstate Insurance Company ("Allstate") and thus am fully familiar with the facts set forth herein. I make this Declaration in support of Allstate's Notice of Removal in the above-captioned matter.

2. Allstate was formed under the laws of the State of Illinois on March 21, 1931 as a property-liability insurance company and is domiciled in Illinois. Allstate is a wholly-owned subsidiary of Allstate Insurance Holdings, LLC, which is a Delaware limited liability company. Allstate Insurance Holdings, LLC is a wholly-owned subsidiary of The Allstate Corporation, which is a Delaware corporation. The stock of The Allstate Corporation is publicly traded. No public-held entity owns 10% or more of the stock of The Allstate Corporation.

3. Allstate's headquarters and principal place of business is located in Northbrook, Illinois.

4. Allstate's mailing address and the primary location of its corporate books and records is 3075 Sanders Road, Northbrook, Illinois, 60062-7127.

5. Its statutory home office and the location of its executive headquarters is 2775 Sanders Road, Northbrook, Illinois, 60062- 6127.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
_____
Lisette S. Willemsen